UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GIOVANNI LARA | : | |
| | : | |
| vs. | : | C.A. No. 00-554-ML[1] |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Giovanni Lara's Motion for Relief from Judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure in the above action. As discussed infra, the motion is procedurally flawed and must be denied.

BACKGROUND

Following a jury trial Lara was convicted of carjacking, death resulting (in violation of 18 U.S.C. § 2119(3) and 18 U.S.C. § 2), and witness intimidation (in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. § 2). He was tried with five other defendants: George Sepulveda, Terrence Boyd, Shariff A. Roman, George Perry, and Eryn Vasquez, who were also convicted of various charges.

Lara was sentenced to life imprisonment and a five-year term of supervised release on his car jacking conviction and ten years imprisonment, followed by three years of supervised release, on the conviction of witness intimidation. All terms were to run concurrently.[2]

---

[1] See footnote 3, infra.

[2] Lara was also ordered to make restitution, jointly and severally with his co-defendants, in the amount of $234,090.00 to the murder victim's family. Lara has filed a separate action in this Court challenging the restitution portion of the sentence. See United States v. Giovanni Lara, CA No. 05-287-ML.

Lara's conviction and sentence were affirmed on direct appeal, see United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert denied sub nom Sepulveda v. United States, 528 U.S. 1127 (2000). Thereafter, Lara moved to vacate his sentence under 28 U.S.C. § 2255, asserting ineffective assistance claims based on counsel's failure to argue that the car jacking offense (1) was not properly charged or submitted to a jury, in violation of Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215 (1999), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), and (2) had not been proved beyond a reasonable doubt as to him. This Court denied the motion to vacate and denied as well Lara's motion to assert additional claims, see Lara v. United States, CA 00-554-ML (D.R.I. Dec. 4, 2001)(slip op.). The Court of Appeals affirmed. See Lara v. United States, No. 01-2745 (1st Cir. May 28, 2002)(slip op.)(denying request for COA).

Lara subsequently moved pursuant to 18 U.S.C § 3582(c)(2), for the reduction of that portion of his sentence based on the conviction for first-degree murder, on the grounds that (1) the indictment was insufficient to support a first-degree murder conviction; (2) Amendment 591 to the United States Sentencing Guidelines applied to reduce his sentence; and (3) the cross-reference in Guideline §2B3.1 to the first-degree murder guideline (§2A1.1) did not apply to his case. That motion was denied on November 26, 2003 and the denial affirmed by the Court of Appeals. See United States v. Lara, Dkt. No. 03-2689, Judgment (1st Cir. June 21, 2004).

In April 2004 Lara filed the instant motion for relief from judgment pursuant to F.R.Civ. P. 60(b)(4).[3] In his motion he claims that the jury selection process at his underlying trial was

---

[3] Although Lara's Rule 60(b) motion and the Government's response thereto were filed and docketed in the underlying criminal prosecution, CR No. 95-75-ML, the Court deems those filings and any related papers to have been filed in Lara's previous § 2255 proceeding, entitled Giovanni Lara v. United States, CA 00-554-ML. See discussion infra at 4-5.

conducted in violation of the Jury Selection and Service Act, 28 U.S.C. § 1861 et seq, and his rights under the Sixth Amendment. The Government has filed an objection, and Lara has filed a reply and subsequent related filings. In view of the Court's disposition of this matter, no hearing is necessary.[4]

## DISCUSSION

### A. Legal Principles

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The First Circuit has recently addressed the use of Rule 60(b) motions by federal prisoners in connection with attempts to reopen judgments dismissing their § 2255 petitions, concluding that:

> [A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [Citation omitted.] If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of

---

[4] The Court notes that the claims and arguments set forth in Lara's papers in support of the instant Rule 60(b) motion are identical in substance to those set forth in the Rule 60(b) motion filed by his co-defendant George Sepulveda, which motion was recently denied by this Court. See Memorandum and Order dated August 15, 2005 in Sepulveda v. United States, CA 00-624-ML

Rule 60(b)." [Citation omitted.]

Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003), quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to habeas petition under 28 U.S.C. § 2254).

Thus, if a Rule 60(b) motion is deemed to be a "second and successive" petition, a court must dismiss it for lack of subject matter jurisdiction, or alternatively transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3) and § 2255, para. 8.[5] See id at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

B. Nature of Challenge Here

In the instant case Lara's rule 60(b) motion suffers from several fatal defects. First, Lara has filed the motion in his underlying criminal case, United States v. Giovanni Lara, CR No. 95-075-ML. However, a motion filed pursuant to F.R.Civ.P. 60(b) only lies to challenge a civil judgment, including a judgment entered in a postconviction proceeding initiated pursuant to 28 U.S.C. §2254 or 2255, which are deemed civil proceedings. Thus, to the extent that Lara purports to file the instant rule 60(b) motion in the underlying criminal action, it is procedurally improper and must be dismissed. See e.g. United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998)(motions under F.R.Civ.P. 60(b) may not be used to attack criminal convictions); United States v. Simpson, 238 F.3d 417 (4th Cir. 2000)(unpublished table decision)(same); United

---

[5] 28 U.S.C. § 2255, para. 8. provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(Emphasis added.)

States v. Cabero, 2005 WL 1484669 at *1 (E.D. Tenn. June 21, 2005) and cases cited. The Court therefore will construe Lara's Rule 60(b) motion as having been filed in his previous §2255 proceeding, Lara v. United States, CA 00-554-ML, and direct that the motion and all related filings be docketed in that proceeding.

Even favorably construed this way, Lara's Rule 60(b) motion remains fatally flawed. The motion – which challenges the jury selection process at his criminal trial – does not contest any procedural irregularity in the procurement of the judgment dismissing his § 2255 motion but rather seeks to attack the validity of his underlying conviction and sentence. As such, the motion constitutes a second and successive § 2255 petition. See Munoz, 331 F.3d at 153. The Anti-Terrorism and Effective Death Penalty Act, P.L. 104-132 (1996), requires a federal prisoner, before prosecuting a successive habeas petition in a district court, to obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A)(as incorporated in 28 U.S.C. § 2255). See id. at 153, citing Rainieri v. United States, 233 F.3d 96, 99 (1st Cir. 2000). Here, there is nothing in the record to indicate that Lara obtained authorization from the appropriate court of appeals pursuant to § 2255, para. 8 and § 2244(b)(3). Absent such authorization, this Court is without jurisdiction to consider the motion. See id.

Moreover, as the Government points out, the ground asserted in the instant rule 60(b) motion -- alleged violations of the Jury Selection and Service Act (JSSA) and the Sixth Amendment in the jury selection process at his underlying trial -- was not even mentioned in Lara's previous § 2255 petition, but rather was raised and denied during his direct appeal. See United States v. Lara, 181 F.3d 183, 191-195 (1st Cir. 1999). See also United States v. Wall,

2005 WL 991763 at *1 (D. Del. April 27, 2005) (rule 60(b) motion dismissed where defendant raised claims related to his sentencing which were not raised in his previous § 2255 motion).

In short, Lara's filing of the instant rule 60(b) motion rather than requesting the necessary certification by the Court of Appeals under 28 U.S.C. § 2244(b)(3) constitutes an impermissible "end run" around the requirements of the statute. Accordingly, the motion must be dismissed. See United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999), quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998)), cert. denied, 529 U.S. 1176 (2000).[6]

Finally, the Court notes that even if Lara's jury selection claims warranted consideration on their merits, they would fail. Those claims were previously raised and fully discussed by the Court of Appeals on direct appeal. See Lara, 181 F.3d at 191-195. Moreover, the supporting documents proffered by Lara as part of the instant rule 60(b) motion are not sufficient to show any error, constitutional or otherwise, requiring reversal of the conviction.

The Court has considered Lara's other arguments, including his arguments invoking Fed.R.Civ.P. 60(b)(6), and finds them to be without merit.

---

[6] This Court is cognizant that the instant matter may alternatively be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for possible authorization as a second and successive § 2255 motion. See Barrett, 178 F.3d at 41 n. 1 (noting that while several circuits *require* transfer in such situations, the First Circuit has yet to implement such a blanket mandate but that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues). Here, the Court finds that dismissal of the instant Rule 60(b) motion is warranted, as its numerous flaws (discussed above) constitute an egregious violation of the procedural requirements of AEDPA for postconviction filings. Moreover, even construed as a potential second and successive §2255 motion, it is untimely, having been filed more than four years after his conviction became final. In addition, the Court notes that Lara's repeated attempts to attack his conviction via motions with different labels suggest an ongoing effort by him to circumvent the procedural requirements of AEDPA for postconviction filings.

CONCLUSION

The Court directs that the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), and all related filings, be docketed in Lara's previous § 2255 proceeding, CA 00-554-ML. As re-docketed, that motion is DENIED and DISMISSED.

So Ordered:

Mary M. Lisi

Mary M. Lisi
United States District Judge

September 7, 2005