UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GIOVANNI LARA            :
                         :
vs.                      :            C.A. No. 00-554-ML
                         :
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Before the Court is Giovanni Lara's Motion to Reopen and Supplement his original motion to vacate sentence pursuant to 28 U.S.C. § 2255. As discussed infra, this motion to reopen constitutes Lara's fifth attempt to obtain postconviction relief in this Court. For the reasons set forth below this Court denies the motion.

BACKGROUND

The facts and travel are set forth in this Court's memoranda and orders denying Lara's previous bids for postconviction relief and are only briefly summarized here.

Following a 44-day jury trial Lara was convicted of carjacking, death resulting, in violation of 18 U.S.C. § 2119(3), and witness intimidation in violation of 18 U.S.C. §1512(b)(3), which offenses occurred in 1994 and 1995. He was tried with five other defendants, including George Perry, who were also convicted of various charges.

The evidence at trial pertinent to the carjacking offense showed that the victim, Temujin Vandergroen, inadvertently precipitated the incident by playing with a knife in front of the children of co-defendant George Perry. Perry interpreted this as a sign of disrespect, intolerable to a Latin King. He asked Lara to accompany him while he robbed Vandergroen of his Ford Escort, which vehicle had tire rims that Perry coveted. On September 6, 1994 the two men asked Vandergroen to

take a ride with them. When he agreed, Perry (who had brought along a sawed-off shotgun) sat behind Vandergroen in the car, while Lara sat in the front passenger seat. At Perry's request, Vandergroen drove to a deserted neighborhood. Perry then told Vandergroen to slow or stop the vehicle, and when Vandergroen complied, Perry shot him at close range in the back of the head. Perry and Lara shoved Vandergroen's body into the street and returned to a Latin King hangout, where they were seen with blood and brain matter on their clothing. The two later burned and abandoned Vandergroen's car.

Lara was sentenced to life imprisonment and a five-year term of supervised release on his carjacking conviction and ten years imprisonment, followed by three years of supervised release, on his witness intimidation conviction. All terms were to run concurrently.[1] The sentence for the carjacking offense was imposed pursuant to §2B3.1 of the United States Sentencing Guidelines ("Guidelines" or "USSG"), the closest applicable guideline for this offense. This Guideline (robbery) provided that if "a victim was killed under circumstances that would constitute murder under 18 U.S.C. §1111," a sentencing court was required to apply the first-degree murder Guideline, USSG §2A1.1, which provided a base offense level of 43. See USSG §2B3.1(c)(1). At sentencing this Court found that Lara participated in the killing of the victim under circumstances that would constitute first-degree murder. It noted that Lara was a willing participant in the killing: he was aware of the presence of a shotgun in the victim's vehicle and that the victim was directed to drive to a remote area; after the victim was shot, he assisted co-defendant Perry in pushing the victim's lifeless body out of the vehicle. See Transcript of Sentencing Hearing conducted on October 8, 1997

---

[1] Lara was also ordered to make restitution, jointly and severally with his co-defendants, in the amount of $234,090.00 to the murder victim's family.

("Sent. Tr.") at 14-16. Thus, this Court found USSG § 2A.1.1 fully applicable and imposed life imprisonment.

Lara's conviction and sentence were affirmed on direct appeal, see United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert denied 528 U.S. 979 (1999). In affirming, the Court of Appeals *inter alia* rejected Lara's challenge to the testimony implicating him in the carjacking. See id. at 201-202.

Thereafter, Lara moved to vacate his sentence under 28 U.S.C. § 2255, asserting ineffective assistance claims based on counsel's failure to argue that the carjacking offense (1) was not properly charged or submitted to a jury, in violation of Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215 (1999), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); and (2) had not been proved beyond a reasonable doubt as to him. This Court denied the motion to vacate and denied as well Lara's motion to assert additional claims, see this case, Memorandum and Order dated December 4, 2001, and the Court of Appeals affirmed, Lara v. United States, No. 01-2745 (1st Cir. May 28, 2002) (denying request for COA).

Lara thereafter filed a motion under Fed. R. Civ. P. 60(b) for relief from the judgment denying his § 2255 motion, claiming that the jury selection process at his underlying criminal trial was improper. This Court determined *inter alia* that the motion did not contest any procedural irregularity in the procurement of the judgment dismissing his §2255 motion but rather sought to attack the validity of his underlying conviction and sentence, and as such constituted a second and successive § 2255 petition for which no relief was available. See this case, Memorandum and Order dated September 7, 2005 ("9/7/05 Mem. & Order") at 5.[2]

---

[2] Lara has made several other attempts to obtain postconviction relief, all of which were unsuccessful. These include a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied by this Court, see United States v. Lara, C.A. No. 95-075-ML, Memorandum and Order dated November 26, 2003, and the denial affirmed on appeal, see United States v. Lara, Dkt. No. 03-2689,

The instant motion to reopen was filed in June 2007, more than five years after the denial of Lara's original motion to vacate. In his motion Lara challenges the validity of the jury instructions on the carjacking charge and contends that this Court's imposition of sentence was unjust. The Government has filed a memorandum in opposition to the instant motion, and Lara has filed a reply. The matter is now ready for decision.[3]

## DISCUSSION

A. <u>Nature of Claim</u>

This Court notes at the outset that Lara's claim is based on a faulty premise that dooms it from the start. In his motion Lara attacks the validity of the jury instructions on the carjacking death resulting charge. He claims that because 18 U.S.C. § 2119(3) is not a felony-murder statute, the Government had to prove that Lara harbored the requisite intent to cause death or harm at the time of the carjacking, citing <u>Holloway v. United States</u>, 526 U.S. 1 (1999) and <u>Jones v. United States</u>, 526 U.S. 227 (1999). Lara asserts that the jury instructions given at his trial lacked this temporal definition of intent and therefore the jury could not have found Lara guilty of that charge. Lara further claims that this Court usurped the jury's power when it sentenced Lara for his offense under § 2119(3).

---

Judgment (1st Cir. June 21, 2004), and a petition for writ of coram nobis challenging the restitution portion of his sentence which was likewise denied, <u>see</u> <u>id.</u>, Memorandum and Order dated January 20, 2006, <u>aff'd</u> <u>Lara v. United States</u>, Dkt. No. 06-1327, Judgment (1st Cir. September 11, 2006). Separately, Lara filed an unsuccessful motion for habeas corpus relief pursuant to 28 U.S.C. § 2241 in another district court, <u>see</u> <u>Giovanni Lara v Joseph Smith</u>, Dkt. No. 4:04-CV-2493, Order (M.D. Pa. December 29, 2004), <u>aff'd</u> 132 Fed. Appx. 420 (3d Cir. 2005). These other applications need not be described in detail here.

[3]   No hearing is required in connection with the instant motion to reopen. As with Lara's original motion to vacate and as discussed <u>infra</u>, the files and records of this case conclusively establish that the claims in the motion are without merit. <u>See</u> <u>David v. United States</u>, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego a hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief ...").

However, as the Government points out, Lara's claim is based on a version of the carjacking statute that did not exist at the time of the commission of his offense. He committed the carjacking offense on September 6, 1994; seven days later, on September 13, 1994, § 2119(3) was amended, and the words "with the intent to cause death or serious bodily harm" were substituted for "possessing a firearm as defined in section 921 of the statute." See P.L. 103-322, §60003(A)(14), as codified in § 2119(3).[4] However, Lara was convicted under the version of §2119(3) that existed on the date of his offense, prior to that amendment. See Lara, 181 F.3d at 201, n. 5 (noting but finding it unnecessary to address subsequent amendment to § 2119). Thus, as a statutory matter, Lara may not invoke a version of the statute under which he was not prosecuted and convicted and indeed, which did not exist at the time of his commission of the offense in violation of that statute.

Neither of the two cases on which Lara relies bolster his claim. In Holloway the Supreme Court construed the subsequently amended version of § 2119 containing the language concerning intent. See Holloway, 526 U.S. at 3, n. 1-- which was not the version under which Lara was charged and convicted.[5] Moreover, although Jones did construe the earlier version of § 2119 under which Lara was charged and convicted, that decision held that the provisions that established higher penalties for carjacking offenses resulting in serious bodily injury or death set forth additional elements of the offense which must be proved to a jury beyond a reasonable doubt. 526 U.S. at 236-

---

[4] The carjacking statute was further amended in 1996, but that amendment is not relevant here. See Carjacking Correction Act of 1996, 110 Stat. 3020, § 2 Congress (amending §2119(2) to provide that the term "serious bodily injury" in subsection (2) includes certain sexual assaults.

[5] In Holloway – decided two years after Lara's trial – the Supreme Court construed the amended version of § 2119(3), noting that "[t]he intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car)." 526 U.S. at 12.

240. In fact, the Government did so here, proving that Lara participated in the carjacking while in constructive possession of a firearm (via his accomplice Perry), which resulted in death. That is all that the then-existing version of § 2119(3) – and Jones – required.

Finally, there was no error with respect to the sentence this Court imposed on Lara or the manner of imposition of that sentence. This Court followed recommendations in the Presentence Report, and its findings concerning Lara's role in the offense were amply supported in the record. See Sent. Tr. at 13-16.

In short, it is clear that neither the subsequently amended version of § 2119(3) nor the decisions on which Lara relies can serve as the basis of his claims concerning his conviction and sentence.[6]

B. Bases for Motion

Lara's Motion to Reopen is brought pursuant to Fed. R. Civ. P. 60(b) or in the alternative, as a petition for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651. In addition to being based on a faulty substantive premise, that motion is procedurally flawed and cannot succeed under either asserted basis.

1. Rule 60(b)[7]

---

[6] Because the amended version of § 2119 does not apply to Lara, this Court need not address the issue of whether Lara had the requisite "intent at the time of the carjacking" to injure or kill the victim. See United States v. Matos-Quinones, 456 F.3d 14, 17-19 (1st Cir. 2006) (discussing, but not resolving, issue of temporal requirement of intent to cause death or serious bodily harm in connection with carjacking offense under § 2119).

[7] Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:
> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ...

To the extent that Lara characterizes his Motion to Reopen as one under Rule 60(b), this Court must determine whether it constitutes a "second or successive" habeas petition on which the Court may not rule. See § 2255, ¶ 8.

The First Circuit has held that

> [A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [Citation omitted.] If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)."

Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003), quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to habeas petition under 28 U.S.C. § 2254).

Moreover, if a Rule 60(b) motion is deemed to be a "second and successive" petition, a court must dismiss it for lack of subject matter jurisdiction, or alternatively transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3) and § 2255, ¶ 8.[8] See id. at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

Here, Lara's motion challenges the carjacking instructions given at his criminal trial and his

---

> or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[8] 28 U.S.C. § 2255, ¶ 8 provides in pertinent part:
A second or successive motion must be certified <u>as provided in section 2244</u> by a panel of the appropriate court of appeals to contain –
   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
(Emphasis added.)

sentence. The motion does not contest any procedural irregularity in the procurement of the judgment dismissing his § 2255 motion but rather seeks to attack the validity of his underlying conviction and sentence. As such, the motion indisputably constitutes a second and successive §2255 petition. See Munoz, 331 F.3d at 153.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act, P.L. 104-132 (1996)(AEDPA), a federal prisoner, before prosecuting a successive habeas petition in a district court, must obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A)(as incorporated in 28 U.S.C. § 2255). See id. at 153. Here, there is nothing in the record to indicate that Lara obtained authorization from the appropriate court of appeals pursuant to § 2255, ¶ 8 and §2244(b)(3). Absent such authorization, this Court is without jurisdiction to consider the motion. See id.[9]

2. Coram Nobis

Lara's characterization of his motion as a petition for Writ of Error Coram Nobis pursuant to 28 U.S.C. §1651 (the "All Writs Act")[10] is likewise futile.

A writ of error coram nobis may be issued only as an "extraordinary remedy" under

---

[9] Although the instant motion, to the extent it is brought under Rule 60(b), may be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for possible authorization as a second and successive § 2255 motion, this Court will dismiss the motion outright rather than transfer it. See Barrett, 178 F.3d at 41 n. 1 (noting that while several circuits *require* transfer in such situations, the First Circuit has yet to implement such a blanket mandate). Dismissal of the instant motion is warranted, as its numerous flaws (discussed above) constitute an egregious violation of the procedural requirements of AEDPA for postconviction filings. Moreover, even construed as a potential second and successive §2255 motion, it is untimely, having been filed more than five years after his conviction became final. In addition, the Court notes that Lara's repeated attempts to attack his conviction via motions with different labels suggest an ongoing effort by him to circumvent the procedural requirements of AEDPA for postconviction filings.

[10] Section 1651 provides in pertinent part: "(a) the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

circumstances that compel the issuance of the writ "to achieve justice." United States v. Morgan, 346 U.S. 502, 511(1954). The writ of error or notice "is limited to 'those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'" United States v. Michaud, 925 F. 2d 37, 39 (1st Cir. 1991), quoting United States v. Addonizio, 442 U.S. 178, 188, 99 S.Ct. 2235, 2242 (1979). To obtain relief under a writ of error coram nobis, a petitioner must "1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment." United States v. Sawyer, 239 F.3d at 38 (citing Hagar v. United States, 993 F.2d 4, 5 (1st Cir. 1993)).

Here, Lara's claim fails all three prongs of this test. Lara does not explain why he did not raise this claim and invoke the Holloway decision in his original § 2255 proceedings in 2000-2001, even though the basis of that claim was available at that time.[11] Likewise, Lara does not show any fundamental error in the proceedings – in fact he cannot show error at all. As noted above, Lara's claim is based on a version of the carjacking statute that did not exist at the time of the commission of his offense. Moreover, Lara cannot demonstrate continuing collateral consequences, because neither the amendments to § 2119 nor Holloway has been declared retroactive on collateral review, and it is highly unlikely that the intent instruction Lara now seeks more than 13 years after his trial would have changed the outcome in this case.

Finally, "[t]he writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255, which are themselves a sort of 'timeliness' requirement." United States v. Barrett, 178 F.3d at 55. That is precisely what Lara

---

[11] The Court notes that Lara did raise and argue the Jones case in his original § 2255 motion to vacate, albeit without success.

seeks to do in this case, but he will not be permitted to do so.[12]

The Court has reviewed Lara's other arguments and finds them to be without merit.

## CONCLUSION

For the foregoing reasons, Lara's Motion to Reopen is DENIED and DISMISSED.

So Ordered:

_____
Mary M. Lisi
Chief United States District Judge

March 4, 2008

---

[12] See also United States v. Lloyd, 398 F.3d 978, 979-980 (3d Cir. 2005) ("Any motion filed in the District Court that imposed the sentence, and substantively within the scope of §2255, ¶ 1, is a motion under §2255, no matter what title the prisoner plasters on the cover. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram obis, audita querela, certiorari, capias habeas corpus, ejectment, quare impedit, bill of review, write of error, or an application for a Get-Out-Of-Jail Card; the name makes no difference. It is substance that controls.") (citations omitted).