IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GIOVANNI LARA | ) | |
| | ) | |
| vs. | ) | C.A. NO. 00-554ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGEMENT PURSUANT TO RULE 59(E) OF THE FED. R. CIV. P.**

I. INTRODUCTION

The defendant, Giovanni Lara ("Lara"), was convicted by a jury after trial more than a decade ago. He appealed his conviction and sentence. Although not specifically raised in his direct appeal, Lara seems to have roughly attacked this same issue by complaining about jury instructions given at his trial. Asserting ineffective assistance, Lara thereafter raised an issue under Jones in his original § 2255. Since then, Lara has continued on an exhaustive and procedurally abusive quest for post conviction relief. The travel of this case was set forth in the government's answer to his last spurious filing. See: Government's Response to Petitioner's Motion to Reopen and Supplement Original Filed Motion to Vacate Sentence Pursuant to § 2255.

Since that motion was denied, Lara has filed another Notice of Appeal to the First Circuit and now files this "MOTION TO ALTER OR AMEND JUDGEMENT PURSUANT TO RULE 59(E) OF THE FED. R. CIV. P." In this motion Lara only cites to Jones and merely claims that, "The petitioner asserts two pionts (sic) which the District Court seems to overlook."

Lara relies in error on Rule 59. Lara's last filing was itself a second or subsequent § 2255 filed under the guise of a "Motion to Reopen or Supplement" – all filed in a continuing effort to

circumvent the AEDPA. Not only was the motion procedurally defective but the court's decision addressed the Jones issue that Lara improperly attempts to re-litigate under this newest heading. The court did not overlook Lara's points, merely ruled against him. Lara does not seem to appreciate the difference or accept the result.

Undeterred and unmindful of the procedural requirements of the AEDPA, Lara nevertheless files this new motion under "Rule 59 (E)." Once again, Lara attempts to use a rule for a purpose to which it was not designed, on an issue that was decided or defaulted long ago.

II. ARGUMENT

Lara relies in error on "Rule 59 (E)". Presumably he means Rule 59(e) and he probably means the Court to rely on all of Rule 59, not just subsection (e) which merely establishes a 10-day time limit for filing such a motion. Whether or not Lara has met that time limit is subject to some debate because it is unclear as to whether his motion was filed within ten days of judgment. If the judgment Lara wants to "Alter and Amend" is his original § 2255, he clearly has not met the time limitation and is again defaulted. If the judgment he wants to "Alter and Amend" is the decision filed on March 4, 2008 denying his Motion to Reopen and Supplement Original Filed Motion to Vacate Sentence, which was itself but an improper attempt to revisit the § 2255 decision, he has filed within the ten days allowed under the rule but does not reach the substantive issues, only the procedural decision disallowing him to "Reopen and Supplement." Seemingly, Lara wants to argue the merits and not the procedure. The Court need not long consider the limitation, because whether timely or not, Lara is not entitled to the relief that he seeks.

Rule 59(e) is a motion for reconsideration and cannot be used as a vehicle to re-litigate and/or rehash matters already litigated and decided by the Court. Standard Quimica De

Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, n.4 (D.P.R., 1999). It also may not be used as a vehicle by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". National Metal Finishing Com. V. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 124 (1st Cir., 1990). For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly," Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir., 1990), and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed. 1995).

To breath new life into this dead issue under Rule 59, Lara couches his pleading in terms of ". . . two pionts (sic) which the District Court seems to overlook." It is unclear what Lara considers overlooked in this extensively litigated and oft decided case. He only cites specifically to one case, Jones, decided by the Supreme Court at the end of the last century which he has raised in support of the same or similar arguments in the past. If he raised the arguments they were not overlooked. If the arguments were not raised they were defaulted time and time again.

In the federal system, except on direct review, the court is not required to reconsider the legal conclusions of another federal court. Accordingly, when a federal prisoner raises a claim that has been previously litigated and decided on direct review, he cannot raise that claim in a § 2255 proceeding, absent extraordinary circumstances. See Withrow v. Williams, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring) (collecting cases); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996). Here, Lara raised this issue or a similar issue by attacking the jury instructions on his direct appeal. The same or similar issues have also been raised, denied and appealed in Lara's original § 2255, or in subsequent filings.

However, the re-litigation doctrine does not act as an absolute bar to all claims that have been previously raised and can be overridden if exceptional circumstances exist. See United States v. U.S. Smelting Refining & Mining Co., 339 U.S. 186, 199 (1950). Most petitioners allege their claim exhibits extraordinary circumstances, but are unable to prove re-litigation is necessary. See e.g., United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) ( per curiam); Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999). Re-litigation is only likely if the claim has been effected by a change in the law. See Davis v. United States, 417 U.S. 333 (1974). Normally, once a claim has been rejected on direct review, it is not available to the Petitioner in a § 2255.

Jones is not new. It was decided in 1999. There are no exceptional circumstances and no reason to revisit this thoroughly litigated claim.

III. CONCLUSION

For all the reasons stated in this memorandum, the United States requests that Lara's motion be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
Tel: (401)709-5000
Fax: (401)709-5001
Gerard.sullivan@usdoj.gov

**CERTIFICATION**

I hereby certify that on the 4th day of April, 2008 I caused a copy of the foregoing Government's Response in Opposition to Petitioner's Motion to Alter or Amend Judgement Pursuant to Rule 59(E) of the Fed.R.Civ.P. to be electronically filed with the Court and is available for downloading and viewing, and also forwarded, by postage prepaid mail, to:

Giovanni Lara
04224-070
U.S. Penitentiary
PO Box 1000
Lewisberg, PA 17837
PRO SE

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
Tel: (401)709-5000
Fax: (401)709-5001
Gerard.sullivan@usdoj.gov