UNITED STATES COURT OF DISTRICT
FOR DISTRICT OF RHODE ISLAND

GIOVANNI LARA
Petitioner,

v. CASE NO. 00-554-ML

UNITED STATES OF AMERICA
Respondent.

CERTIFICATE OF APPEALABILITY APPLICATION

COMES NOW, the Petitioner, Giovanni Lara pro se (hereinafter "Petitioner"), and hereby moves this Honorable Court to grant a grant a certificate of appealability pursuant to 28 U.S.C. § 2253. In support of, it is stated:

A. JURISDICTION

The issuance of a certificate of appealability (COA) is a jurisdictional requirement. Hohn v. United States, 524 U.S. 336 (1998). A COA may issue only upon "a substantial showing of denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straight-forward: The Petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2003).

## B. PRELIMINARY STATEMENT

"A fundamental requirement of due process is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385 (1942). It is an opportunity that must be granted in a meaningful time and in meaningful manner. Armstrong v. Manzo, 380 U.S. 545 (1961). Because, a federal prisoner gets only one "bite" from the section 2255 "apple" he should be given an meaningful opportunity to be heard.

Here, the petitioner raises serious constitutional questions about both the reality and appearance of fairness in his convictions and sentences. The allegations set forth in his motion to reopen § 2255 and /or § 1651 motion are serious and at this stage, are sufficiently supported by the record.

## C. THE DISTRICT COURT'S DETERMINATION ON THE PETITIONER'S CLAIMS ARE SUBJECT TO DEBATE AMONG REASONABLE JURIST

### Background

In Petitioner's motion under 28 U.S.C. § 2255 he argued his conviction for the carjacking offense was not properly charged or submitted to a jury, in violation of Jones v. United States, 526 U.S. 227,(1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000); and had not been proved beyond a reasonable doubt as to him. Petitioner's motion was denied and The Court of Appeals affirmed it in Lara v. United States, No. 01-2745(1st Cir. May 28, 2002) (denying request for COA).

The instant motion to reopen was filed in June 2007, claimed that under the new interpretation and amended 18 U.S.C. § 2119(3),[1] subsection (3) is not a felony - murder statute and the government had to prove that Petitioner harbored the requisite intent to cause death or harm at the time of the carjacking. See Holloway v. United States, 526 U.S. 1 (1999) and Jones v. United States, 526 U.S. 227 (1999). As a result of this new interpretation Petitioner was actually innocence because the jury instructions given at trial lacked the temporal definition of intent and the court usurped the jury's power when it sentenced him for the offense of 18 U.S.C. § 2119(3), never proven beyond a reasonable doubt.

In Holloway, decided after Petitioner's conviction the Supreme Court construed § 2119(3), noting that "the intent requirement of § 2119 is satisfied when the government proves [beyond a reasonable doubt] that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car)". 526 U.S. at 12.

The instant motion

Petitioner's motion to reopen is brought pursuant to Fed. R. Civ. P. 60(b) or in the alternative, as a petition for writ

[1] The carjacking statute was amended in 1996, see carjacking correction Act of 1996, 100 Stat. 3020, § 2.

of Error Coram Nobis pursuant to 28 U.S.C. § 1651.

The instant motion is not a successive habeas petition, the policy rationale of Rule 60(b), connotes reopening the decree denying the initial § 2255 motion. Petitioner is not presenting new and/or additional claims for relief from the underlying conviction and sentence. (As noted by This Court,"Lara repeated attempts to attack his conviction via motion with different lables ...") See memorandum and order, page 8, n.9. Here, the Petitioner seek only to have The § 2255 Court consider applying the correct statutory interpretation of § 2119(3) and correct standard of review. A defect in the integrity of The Federal Habeas proceedings is clearly applicable on Rule 60(b) motions. Gonzalez v. Crosby, 162 L.Ed. 2d 480 (2005). Cf., also In Re Dorsainvil, 119 F.3d 245, 248 (3rd Cir. 1997)(If no other avenue of judicial review is available for a party who claims that she/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constititional issue). This is such a case.

(i) All Writs Act

The All Writs Act includes the writs of error coram nobis and audita querela. A motion under this section is a step in the criminal case, and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. The procedure by motion in the case is now the accepted American practice. United States v Morgan, 364 U.S. 502, 506 n.4 (1954). In Morgan the Supreme Court held that the District Court had power under the All Writs Act to issue a writ to vacate a conviction on the ground that the defendant had not been represented by counsel and had not competently and intelligently waived his constitutional right to counsel. The circumstances of the petitioners' case justify the issuance of the writ.

(ii) Rule 60(b)

Federal Rules of Civil Procedure, rule 60(b) which has been defined in Klopprott v United States, 335 U.S. 601 (1949), "[P]ower in courts adequate to enable them to vacate judgements whenever such action is appropriate to accomplish justice."

The policy rationale of rule 60(b) connotes reopening the decree denying the initial section 2255 motion. Petitioner is not presenting new and/or additional claims for relief from the underlying conviction and sentence, he seeks only to have the section 2255 court consider applying the correct statutory interpretation and the correct standard of review. See, Gonzalez v Crosby, 162 L.Ed.2d. 480 (2005) (defects in the integrity of the federal Habeas proceedings are clearly applicable on rule 60(b) motions).

(iii) Suspension of Writ Clause

This Court has previously held that AEDPA's limitations on a prisoner's ability to bring habeas petitions may violate the Suspension if the Writ Clause if they create an "unreasonable burden" to habeas relief. Rodriguez v Artuz, 990 F.Supp. 275, 282 (S.D.N.Y.), affd at 161 F.3rd 763, 724 (2nd Circuit 1998) (per curiam).

Denial of habeas relief inthe present case implicates the Suspension Clause because it constitutes a complete denial of any collateral review of new legal developments that arose after Petitioner filed his initial section 2255 petition in the year of 2000. Such a denial would be analogous to refusing to hear claims that were erroneously dismissed under the misinterpretation of a criminal statute or an erroneous analysis by the habeas court in a previous habeas petition. This would raise a serious constitutional question with respect to the Suspension Clause. Cf., In Re Dorsainvil, 119 F.3rd 245, 248 (3rd Cir. 1997) (If no other avenue of judicial review is available for a party who claims that S/He is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue).

(iv) Preliminary Statement

In United States v Tenzer, 213 F.3rd 34, 39 (2nd Cir. 2000), the Second Circuit held that it is appropriate to reconsider an earlier decision when confronted with "an intervening change of controlling law,...or the need to correct clear error or prevent manifest injustice." This legal reasoning is supported by Supreme

Court precedent. In Davis v United States, 417 U.S. 333, 342 (1974) the high court held that the law of the case doctrine did not preclude a petitioner from seeking §2255 relief based on a change in the law that occurred after his conviction was affirmed on direct appeal. In Davis, the change resulted from a decision of the Ninth Circuit, the same court that had affirmed Davis' conviction on direct appeal. The change in law occurred while Davis' certiorari petition was pending. The Supreme Court denied Certiorari in Davis' direct appeal, but granted review after the District Court denied Davis' section 2255 petition. Id at 339-41. In determining that Davis' habeas claims were not barred by the circuit court's decision on direct appeal, the court stated that the result would be different had the change in law occurred while ]the defendant still had time to appeal his conviction but failed to do so. Id at 345.

The circumstances in Davis are directly analogous to those here insofar as the changes in law on which the Petitioner relies occurred after his conviction was final. It is clear from the Supreme Court grant of certiorari on Davis' post-conviction petition that reconsideration is necessary to prevent "manifest injustice" that results when a defendant is precluded from raising claims on collateral review when the law has changed. Thus, an exception is justified in this case because the application of new law is necessary to prevent a manifest injustice. See, Tenzer, 213 F.3rd at 39.

(V) The Retroactivity of Holloway and Jones

The Government argues that relief under Holloway and Jones is unavailable to Petitioner because his case is on Collateral review. However, this argument must fail, for the reasons given in Fiore v. White, 531 U.S. 225 (2001). In Fiore, The Supreme Court explained that where a State's highest Court for the first time interprets a criminal statute to require proof of a particular element and that interpretation does not create new law but merely clarifies what the law was at the time of a defendant's canviction, there is "No issue of retroactivity". Id at 228. The Court's interpretation of the proof required must be applied on collateral review to prevent a violation of The Due Process Clause of The Fifth Amendment, which guards against convicting a defendant without proof beyond a reasonable doubt on each element of his crime. Id at 228-29. In Re Winship, 397 U.S. 358 (1970).

The interpretation in Holloway and Jones of 18 U.S.C. 2119(3) criminal statute, did not create new law. Therefore, Petitioner case is governed on collateral review by the holdings in Holloway and Jones.

Conclusion

For the foregoing reasons, Petitioner has demonstrated that reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, Supra,.

Respectfully Submitted,

Giovanni Lara, pro-se

# CERTIFICATE OF SERVICE

I, Giovanni Lara, hereby certify that I have served a true and correct copy of the foregoing:

Certificate of Appealability Application

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eight Floor
Providence, RI 02903

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this May day of 12th, 2008

Respectfully Submitted,

Giovanni Lara

REG. NO. 04224-070